IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY DALE MILLER, #730009, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:05-CV-0487-M |
| | § | |
| DOUGLAS DRETKE, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Ricky Dale Miller("Miller" or "Petitioner") is presently incarcerated at the Central Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") in Sugarland, Texas.  Respondent is the Director of TDCJ-CID.  No process has been issued in this case.

Statement of the Case: Miller was convicted on September 5, 1995 in the 291st Judicial District of Texas of indecency with a child younger than seventeen years and aggravated sexual assault of a child under fourteen years and sentenced to terms of eight and twelve years in the penitentiary.  Petitioner did not appeal his convictions.   He filed two applications for habeas

corpus pursuant to Tex. Code Crim. Proc. art. 11.07 on November 10, 2004 which were denied by the Texas Court of Criminal Appeals on November 24, 2004. (Petition for a Writ of Habeas Corpus by a Person in State Custody at 2-4).

Miller filed the instant habeas petition on January 19, 2005.[1]  On March 21, 2005, the Magistrate Judge issued an order to Petitioner requiring that he show cause why his case was not barred by the one year limitations period. *See* 28 U.S.C. § 2254.  When it appears that a petition has not been timely filed the court may raise the issue of limitations *sua sponte* provided that a petitioner is given an opportunity to show that the limitations period should be equitably tolled. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999), *see also Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 767-68 (5th Cir. 2004).   As of the date of this recommendation, Miller has failed to comply with the court's order.

Findings and Conclusions: Miller contends that his conviction was obtained by the use of a coerced confession, his guilty plea was invalid, he received ineffective assistance of counsel, and there was insufficient evidence to support his conviction.  Petitioner's allegations need not be addressed on the merits because he has failed to file his petition within the statutory period required by § 2244(d)(1).

Miller filed his habeas petition on January 19, 2005, and it is thus subject to the one year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997).   Because Miller's conviction became final prior to the AEDPA's April 24, 1996 enactment, he had a one-year grace period

---

[1] The instant petition was initially filed in the Southern District of Texas and was subsequently transferred to the Northern District of Texas on March 10, 2005.

until April 24, 1997 to file a federal habeas application. *See, e.g., Grillette v. Warden, Winn Correctional Center*, 372 F.3d at 769. Petitioner filed his art. 11.07 applications on November 10, 2004, more than seven years after the limitations period had expired. *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003)(petitioner's art. 11.07 application did not toll the limitations period because it was filed after the one year period). His federal habeas petition is untimely and Miller has failed to demonstrate that the limitations period is subject to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the district court find that the petition is time barred and dismiss the petition.

A copy of this recommendation shall be transmitted to the Petitioner

Signed this 28th day of June, 2005

_____
Wm. F. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.